*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellee,

v

SHERISSE LINEBARGER,

     Defendant-Appellant.

UNPUBLISHED
December 29, 2020

No. 349464
Wayne Circuit Court
LC No. 18-002469-01-FH

Before: STEPHENS, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

In this delayed appeal,[1] defendant appeals her bench trial convictions for involuntary manslaughter, MCL 750.321, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We affirm defendant's convictions for felon-in-possession and felony-firearm, but vacate and remand for the entry of a judgment of acquittal as to defendant's involuntary manslaughter conviction.

On appeal, defendant argues that there was insufficient evidence supporting her conviction for involuntary manslaughter. The prosecution concedes that there was insufficient evidence because the trial court's findings did not establish sufficient legal causation between defendant's unlawful act (felon-in-possession) and the victim's death. After review of the record, we agree. See *People v Datema*, 448 Mich 585, 599-600; 533 NW2d 272 (1995) (stating that "there must be a 'necessary connection' between the unlawful act and the resulting death" to sustain an involuntary manslaughter conviction).[2]

---

[1] *People v Linebarger*, unpublished order of the Court of Appeals, entered October 9, 2019 (Docket No. 349464).

[2] Given our conclusion that there was insufficient evidence to sustain defendant's involuntary manslaughter conviction, we decline to address defendant's remaining argument that the defenses of accident and self-defense were available as to her involuntary manslaughter charge.

Defendant does not challenge, nor do we find issue with, her two remaining convictions for felon-in-possession and felony-firearm.  Therefore, we affirm those convictions, but vacate and remand for an entry of a judgment of acquittal as to defendant's involuntary manslaughter conviction only.

Affirmed in part; vacated and remanded in part.

We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Anica Letica